UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

**U.S.A. vs. Michael John Stringer**                            **Docket No. 7:14-MJ-1019-1RJ**

**Petition for Action on Probation**

COMES NOW Kristyn Super, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Michael John Stringer, who, upon an earlier plea of guilty to Level V Driving While Impaired, was sentenced by the Honorable Robert B. Jones, Jr., U.S. Magistrate Judge, on January 23, 2015, to 12 months probation under the conditions adopted by the court.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On February 14, 2015, there was a domestic violence related incident where the defendant was assaulted by his wife and 20-year old stepson. According to the report, an argument began at the defendant's residence and when he left the premises and walked to a neighbor's home, his wife, Bigilia Lavern Kalai Stringer, and stepson, Ravohn Lanai Mokiao, followed him and the argument continued. It was reported that Michael's stepson kicked him in the face, causing injury, and it was later determined that the defendant suffered a broken nose. The defendant's wife and stepson were both charged with Felony Assault against a Handicapped Individual and Felony Assault – Serious Bodily Injury (15CR050848 and 15CR050849). After the incident, the defendant's parents traveled to North Carolina from their home in Virginia and the defendant returned with them to their residence.

On February 16, 2015, the defendant was charged with Misdemeanor Second Degree Trespass by the Onslow County Sheriff's Department. According to the report, an individual by the name of Veronica Jarmillo Salazar reported that she had met the defendant while working with the Wounded Warrior Project. Ms. Salazar advised that she had received messages from the defendant via text and on Facebook and that he had shown up at her residence uninvited. The report from Ms. Salazar goes on to claim that since her husband passed away in September, 2014, the defendant had contacted her more frequently and had suggested that they run away together. Ms. Salazar also claimed to have knowledge that Stringer abused his wife, owned several firearms, and that she was fearful of him. On February 10, 2015, the defendant allegedly left a note on Ms. Salazar's door advising that he was separated from his wife and would like to meet over coffee. Ms. Salazar advised that she left the note on her door and had no contact with Stringer afterwards. On February 15, 2015, the defendant's wife, Bigilia Kalai Stringer, traveled to Ms. Salazar's residence claiming that Ms. Salazar's deceased husband had spoken to her telepathically, telling her to go meet with Ms. Salazar. Ms. Salazar and Ms. Stringer then contacted the Onslow County Sheriff's Department and filed a protection order and trespassing charges. This officer contacted the defendant on February 18, 2015, to notify him of the charges and on February 23, 2015, the defendant and his parents traveled to Jacksonville to report to the Onslow County Sheriff's Department for processing. The defendant was released and after speaking to the probation officer, returned to Virginia with his parents. The charge remains pending in Onslow County District Court (15CR050857).

Michael John Stringer
Docket No. 7:14-MJ-1019-1RJ
Petition For Action
Page 2

The defendant is a 100% disabled veteran of the United States Marine Corp. He suffers from Post-Traumatic Stress Disorder and a Traumatic Brain Injury as a result of his service. After speaking with the defendant on several occasions and with his family since this incident, the need for continued mental health treatment is apparent. While the defendant's family has initiated the process to have the defendant evaluated by a doctor in Virginia that specializes in Post-Traumatic Stress Disorder and Traumatic Brain Injury, this officer is requesting that the court modify the original sentencing order to include mental health treatment as a condition of his supervision. It is also noted that the defendant has requested permission to reside with his parents in Virginia and the process of requesting a transfer of supervision to Virginia has been initiated.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that probation be modified as follows:

1. The defendant shall participate in a mental health treatment program and shall abide by the recommended course of treatment.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
/s/ Kristyn Super
Kristyn Super
U.S. Probation Officer
200 Williamsburg Parkway, Unit 2
Jacksonville, NC 28546
Phone: 910-346-5104
Executed On: February 25, 2015

### ORDER OF THE COURT

Considered and ordered this 25 day of February, 2015 and ordered filed and made a part of the records in the above case.

Robert B. Jones, Jr.
U.S. Magistrate Judge